862 A.2d 1152

SAFARI CLUB INTERNATIONAL AND SAFARI CLUB INTERNA-TIONAL FOUNDATION, APPELLANTS, v. NEW JERSEY DE-PARTMENT OF ENVIRONMENTAL PROTECTION; BRAD-LEY CAMPBELL, IN HIS CAPACITY AS COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; NEW JERSEY DIVISION OF FISH AND WILDLIFE; AND MARTIN MCHUGH, IN HIS CAPACITY AS DIRECTOR OF THE DIVISION OF FISH AND WILDLIFE, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 18, 2004—Decided November 24, 2004.

516

Before Judges SKILLMAN, PARRILLO, and GRALL.

*Anna M. Seidman* of the State of Virginia bar, admitted pro hac vice, argued the cause for appellants (*Peter C. Bobchin* (*Law Offices of John C. Lane*), attorney and on the brief).

*Barbara Conklin,* Deputy Attorney General, argued the cause for respondents (*Peter C. Harvey,* Attorney General, attorney; *Patrick DeAlmeida,* Assistant Attorney General, of counsel; *Ms.*

*Conklin, Rachel Horowitz, Dean Jablonski,* Deputy Attorneys General, on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

This appeal challenges the validity of a notice issued by the Commissioner of Environmental Protection on October 26, 2004, which directed the Division of Fish and Wildlife not to issue black bear hunting permits for the 2004 hunting season, and also "directed the Assistant Commissioner for Natural and Historic Resources to close all lands owned, managed, or controlled by the Department, whether through [the Division of Fish and Wildlife] or Division of Parks and Forestry, to the hunting of black bears[.]" In another appeal, filed three weeks before this one, we held that the Commissioner lacks statutory authority to direct employees of the Division of Fish and Wildlife not to issue permits for a hunt authorized by the Fish and Game Council and directed the Commissioner to complete the processing of all applications for bear hunting permits by December 2, 2004. *U.S. Sportsmen's Alliance Found. v. N.J. Dep't of Envtl. Prot.,* 372 *N.J.Super.* 598, 860 *A.*2d 463 (App.Div.), *certif. granted,* 182 *N.J.* 151, 862 *A.*2d 59 (2004). Therefore, the only issue that needs to be addressed in this appeal is the validity of the part of the October 26th notice that closed all lands owned, managed or controlled by the Department of Environmental Protection (DEP) to bear hunting.

Appellants present two arguments in support of their challenge to this part of the October 26, 2004 notice. First, appellants contend that the Commissioner lacks statutory authority to close lands under his control to bear hunting. Second, appellants contend that even if the Commissioner has such authority, his exercise of that authority to close state lands for this year's bear hunt was arbitrary and capricious.

The Legislature has conferred general authority upon the Commissioner "to direct and coordinate the uses of all public lands under the jurisdiction of the [DEP]." *N.J.S.A.* 13:1B–5(a). Lands

under the DEP's jurisdiction include "all State forests, State parks, State recreation areas, State historic sites, and State natural areas, excepting those regulated by interstate compact[,]" which are managed by the Division of Parks and Forestry "under the direction and supervision of the commissioner[.]" *N.J.S.A.* 13:1B–15.101. Lands under the DEP's jurisdiction also include some lands managed by the Division of Fish and Wildlife. See *N.J.A.C.* 7:25–2.26.

The Commissioner has adopted extensive regulations that govern the use of State lands managed by the Division of Parks and Forestry, which are known as the State Park Service Code. *N.J.A.C.* 7:2–1.1 to –17.5. *N.J.A.C.* 7:2–2.2 provides:

> The State Park Service [an agency within the Division of Parks and Forestry] shall designate or direct any and all recreational or other use on its lands and waters and within its facilities to such specific areas or locations within or upon said land, waters, and facilities as will be in the best interest of conservation, recreation, preservation and management of the natural and historic resources and the health, safety, and welfare of all persons concerned.

*N.J.A.C.* 7:2–2.3 provides:

> The Director of the Division of Parks and Forestry or the Assistant Director of the Division for the State Park Service may limit or close to the public use, specific areas, lands, waters and facilities under its jurisdiction and control as part of a State Park whenever such action is deemed necessary for proper management and operation and/or in the best interest of health, safety and the general welfare of the public.

*N.J.A.C.* 7:2–2.18 deals specifically with the authorization of hunting on lands managed by the Division of Parks and Forestry. *N.J.A.C.* 7:2–2.18(a) provides:

> A person shall not hunt, fish and/or trap, except on specifically designated lands and waters of the State Park Service. All such use shall comply with the Game Code, N.J.A.C. 7:25–5. . . .

*N.J.A.C.* 7:2–2.18(b), (c) and (d) impose various restrictions on the manner in which hunting may be conducted on those State lands where the DEP permits hunting.

█ Despite the Legislature's delegation to the Commissioner of general authority "to direct and coordinate the uses of all public lands under the jurisdiction of the [DEP]," *N.J.S.A.* 13:1B–5(a), which include State parks, forests and recreation areas, *N.J.S.A.*

13:1B–15.101, appellants argue that this authority does not extend to a prohibition against hunting. Appellants argue that the Fish and Game Council has exclusive authority under *N.J.S.A.* 13:1B–32(c) to establish the "territorial limits" of a hunt. *See U.S. Sportsmen's Alliance Found., supra,* 372 *N.J.Super.* at 603–04, 860 *A.*2d at 466–67. However, this argument confuses the Council's regulatory authority to determine "when and where ... hunting ... shall take place, and which ... game animals ... may be taken and in what numbers[,]" *Humane Soc'y of U.S. v. N.J. State Fish & Game Council,* 70 *N.J.* 565, 569, 362 *A.*2d 20, 22 (1976), *appeal dismissed,* 429 *U.S.* 1032, 97 *S.Ct.* 723, 50 *L.Ed.*2d 744 (1977), with the proprietary authority of any private or public landowner to determine whether to allow hunting on its land. The Legislature has delegated this proprietary authority over State parks, forests and recreation areas to the Commissioner, not to the Council. Therefore, while the Council has authority to determine whether the territorial limits of a hunt will include State lands under the DEP's jurisdiction, the Commissioner has ultimate authority to determine whether to open those lands to hunting.

The Supreme Court specifically indicated, in upholding the constitutionality of the method of appointment of members of the Fish and Game Council, that the Council's powers do not extend to determining whether state parks, forests and recreation areas will be open to hunting:

The [Fish and Game] Council does not have unfettered authority to decide that hunting or fishing will take place on private property, see *N.J.S.A.* 23:7–1, or on state-owned lands. As to the latter, co-existing with the Division of Fish, Game and Shell Fisheries in the Department of Environmental Protection is the Division of Parks, Forestry and Recreation, *N.J.S.A.* 13:1B–15.100 *et seq.,* which has its own Council.... The competitive interests of the respective Councils are served by the legislative scheme, and it is fair to say that the interests of plaintiffs in enjoying the state's lands and wildlife for purposes other than hunting and fishing are represented in part by the Parks, Forestry and Recreation Council.

In summary, what authority the Fish and Game Council has been given by *N.J.S.A.* 13:1B–30, empowering that body to determine "under what circumstances, when and in what localities, by what means and in what amounts and numbers" fish and game may be taken, must be said to be circumscribed by other agencies....

[*Humane Soc'y of U.S., supra,* 70 *N.J.* at 576–77, 362 *A.*2d at 26–27.]

Subsequent to the *Humane Society* decision, the Legislature repealed the statute establishing the Parks, Forestry and Recreation Council. *L.* 1978, *c.* 34, § 4. However, the functions of that Council had been solely advisory. *See L.* 1966, *c.* 54, §§ 4, 5. Thus, when the *Humane Society* case was decided, as at the present time, the ultimate authority "to direct and coordinate the uses" of State parks, forests and recreation areas, *N.J.S.A.* 13:1B–5(a), including the determination whether to allow hunting, rested with the Commissioner. Therefore, the Fish and Game Council's statutory authority to determine whether and where to allow hunting is "circumscribed" by the Commissioner's statutory authority to determine whether to open State parks, forests and recreation areas to hunting. *Humane Soc'y of U.S., supra,* 70 *N.J.* at 577, 362 *A.*2d at 27; *see also Humane Soc'y of U.S. v. Guido,* 173 *N.J.Super.* 223, 230–31, 413 *A.*2d 990, 993–94 (App.Div. 1980).

Appellants' argument that the Commissioner's decision to close all State lands under the DEP's jurisdiction to bear hunting was arbitrary and capricious is simply a reformulation of their argument that the Commissioner lacks statutory authority to close State lands to a hunt authorized by the Fish and Game Council. Appellants argue that because the Council has authorized a bear hunt, the Commissioner's closure of State lands to that hunt subverts the Council's policy determination to allow bear hunting and is therefore arbitrary and capricious. However, as previously discussed, the Legislature has delegated plenary authority to the Commissioner to determine what "uses" will be allowed in state parks, forests and recreation areas. *N.J.S.A.* 13:1B–5(a). In the exercise of this authority, the Commissioner may close particular parks, forests and recreation areas to all hunting, or the Commissioner may allow the hunting of some game species on those State lands but prohibit other hunting. In the part of his October 26th notice challenged in this appeal, the Commissioner has established the parks, forests and recreation areas under the DEP's jurisdic-

tion as sanctuaries in which bears may not be hunted this season. In making this decision, the Commissioner was exercising the same authority as any other private or public landowner to control the use of its land, including whether to allow hunting. See *Humane Society of U.S., supra*, 70 *N.J.* at 576–77, 362 *A.*2d at 26–27. The Commissioner's exercise of his authority to control the uses of State parks, forests and recreation areas, like any other authority delegated to an administrative official, may not be exercised arbitrarily or capriciously. *See N.J. State League of Municipalities v. Dep't of Cmty. Affairs*, 158 *N.J.* 211, 222, 729 *A.*2d 21, 27 (1999). Thus, if it could be shown that bears pose a serious threat to public safety and that hunting on state lands must be allowed to combat this threat, the Commissioner's closure of state lands to bear hunting could be found to be arbitrary and capricious. But the mere fact that the Fish and Game Council has determined to authorize bear hunting does not make the Commissioner's statutorily authorized decision to close State lands to such hunting arbitrary and capricious, and appellants have not undertaken to demonstrate that there is any public safety or other vital public interest that requires State lands to be open to bear hunting.

Accordingly, we affirm the part of the Commissioner's October 26th notice that closed all lands owned, managed or controlled by the DEP to bear hunting.