NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1687-23

THE LESNIAK INSTITUTE
FOR AMERICAN LEADERSHIP
and RAYMOND J. LESNIAK,

    Plaintiffs-Appellants,

v.

NEW JERSEY FISH &
GAME COUNCIL, NEW
JERSEY DEPARTMENT OF
ENVIRONMENTAL
PROTECTION, DIVISION
OF FISH AND WILDLIFE,
GOVERNOR PHILIP D.
MURPHY, GOVERNOR OF
NEW JERSEY, and
NEW JERSEY STATE
FEDERATION OF
SPORTSMEN'S CLUBS,

    Defendants-Respondents.

_____

<div style="border:1px solid black">

**APPROVED FOR PUBLICATION**

**August 21, 2025**

**APPELLATE DIVISION**

</div>

    Argued February 4, 2025 – Decided August 21, 2025

    Before Judges Firko, Bishop-Thompson, and Augostini.

    On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1814-23.

Raymond J. Lesniak argued the cause pro se and for appellant The Lesniak Institute for American Leadership.

Christopher J. Norman argued the cause for respondent New Jersey State Federation of Sportsmen's Clubs (The Platt Law Group, PC, attorneys; Christopher J. Norman and Stuart A. Platt, on the brief).

Alexandra Horn, Deputy Attorney General, argued the cause for respondents New Jersey Fish & Game Council, New Jersey Department of Environmental Protection, Division of Fish and Wildlife, and Governor Philip D. Murphy, Governor of New Jersey (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Alexandra Horn, on the brief).

The opinion of the court was delivered by

BISHOP-THOMPSON, J.A.D.

This appeal marks the latest development in the ongoing controversy surrounding black bear hunting in New Jersey. This history is both extensive and fraught with contention. Appellants Raymond J. Lesniak and the Lesniak Institute for American Leadership appeal from the January 10, 2024 Law Division order granting respondents' New Jersey Fish & Game Council (Council), New Jersey Department of Environmental Protection (DEP), Division of Fish and Wildlife (Division), Governor Philip D. Murphy (the State respondents), and New Jersey State Federation of Sportsmen's Clubs (N.J. Sportsmen) motions to dismiss their complaint for declaratory and

injunctive relief with prejudice pursuant to Rule 4:6-2(e). The court concluded that the constitutional authority and composition of the Council are defined and limited by the powers granted to the Legislature under the New Jersey Constitution. Appellants also appeal the denial of their cross-motion for summary judgment.

For the reasons that follow, we affirm the order. In our de novo review of the dismissal granted pursuant to Rule 4:6-2(e), we reject appellants' argument that the Council's composition and authority violate the New Jersey Constitution and the private non-delegation doctrine. We also reject appellants' argument that well-established case law fails to address the constitutionality of N.J.S.A. 13:1B-24 to -32, which specifies the composition and regulatory authority of the Council.

I.

We begin with a brief overview of the Council's history and its relevance to the order on appeal. The Council is a state regulatory agency within the Division, which operates under the DEP. N.J.S.A. 13:1B-23 to -41; U.S. Sportsmen's All. Found. v. N.J. Dep't of Env't Prot., 182 N.J. 461, 473 (2005). The Council is composed of eleven members, "chosen with due regard to [their] knowledge of and interest in the conservation of fish and game[,]" and appointed by the Governor with the advice and consent of the Senate. N.J.S.A.

13:1B-24; Humane Soc'y of U.S. v. N.J. State Fish & Game Council, 70 N.J. 565, 569 (1976).

The eleven-member Council is composed of three farmers recommended by the agricultural convention, six sportsmen recommended by the N.J. Sportsmen, the chairman of the Endangered and Nongame Species Advisory Committee; and a "person knowledgeable in land use management and soil conservation practices." N.J.S.A. 13:1B-24. The statute does not require N.J. Sportsmen recommend its own members to the Council. Rather, the statute requires only that six "sportsmen" possess the "knowledge of and interest in the conservation of fish and game." Ibid. The Governor may remove a member of the Council "for cause, upon notice[,] and opportunity to be heard." N.J.S.A. 13:1B-26.

N.J. Sportsmen, a private organization of individual sportsmen, women, and sportsmen's clubs in New Jersey, represents "more than 150,000 hunters, trappers[,] and fishermen throughout the State and support local chapters at the [C]ounty level."[1] The organization's stated purpose, as set forth in its By-Laws, is "[t]o promote the long-term conservation, protection and wise use of

---

[1] See About NJSFSC, N.J. State Fed. of Sportsmen's Clubs, https://www.njsfsc.org/about (last visited Aug. 14, 2025).

fish, wildlife, and other natural resources in New Jersey, nationally, and worldwide."

## II.

We derive the facts and procedural history from appellants' verified complaint and the motion record. On September 6, 2023, the Council adopted the 2022 Comprehensive Black Bear (Ursus americanus) Management Policy (CBBMP) and related amendments to the State Fish and Game Code (Game Code).[2]  See N.J.S.A. 13:1B-28; N.J.A.C. 7:25-5.6(a). The CBBMP is a "comprehensive polic[y]," which must be promulgated as an administrative rule. N.J. Animal Rts. All. v. N.J. Dep't of Env't Prot., 396 N.J. Super. 358, 364, 370 (App. Div. 2007). On September 8, 2023, the DEP Commissioner approved the CBBMP in accordance with N.J.S.A. 13:1B-28. The amendments to the Code and the CBBMP were published in the New Jersey Register. See 55 N.J.R. 2056(a) (Oct. 2, 2023).

On September 21, 2023, appellants instituted this action by filing an order to show cause and verified complaint for declaratory and injunctive

---

[2]  The adoption of the 2022 CBBMP and opposition to black bear hunting is challenged in an appeal filed by different appellants and has not yet been argued. N.J. Black Bears (Ursus Americanus), Animal Prot. League of N.J., Angela Metler, Doreen Frega, and Susan Russell v. Shawn Latourette, N.J. Dep't of Env't Prot., Dave Golden, N.J. Div. of Fish and Wildlife, Frank Virgilio, and N.J. Fish and Game Council, No. A-0672-23.

A-1687-23

relief. In its complaint, appellants sought (1) a declaration that the "statutes" delegating regulatory authority to the Council violated Article III, Paragraph 1 and Article IV, Section 1, Paragraph 1 of the New Jersey Constitution; (2) to enjoin the Council from taking further action and implementing the 2022 CBBMP and amendments to the Game Code; (3) to enjoin the State respondents from implementing the 2022 CBBMP and amendments to the Game Code; and (4) to enjoin the bear hunt. In an October 4, 2023 order, the motion judge denied appellants' request for injunctive relief.

In November 2023, the State respondents moved to dismiss the verified complaint for failure to state a claim upon which relief can be granted under Rule 4:6-2(e). N.J. Sportsmen likewise filed a motion to dismiss appellants' complaint. Appellants opposed the motion to dismiss and cross-moved for summary judgment against all respondents. The State respondents opposed appellants' cross-motion.

Following oral argument, in a January 10, 2024 order and comprehensive written opinion, the judge granted both respondents' motions to dismiss appellants' verified complaint. The judge also denied appellants' cross-motion for summary judgment.

In dismissing appellants' verified complaint, the judge determined the Council is "neither a private regulatory organization nor controlled by a

private organization." Relying on Humane Society, the judge rejected appellants' first argument challenging the constitutionality of the Council under Article III, explaining that the "Legislature did not violate any principles of separation of powers in granting the [N.J. Sportsmen] its role in selecting the Council's membership."

In addressing appellants' asserted violation of Article IV, citing Humane Society, the judge noted that the Legislature did not require that any members be a member of a sportsmen's club. The judge explained that the Council's authority is "circumscribed by statute and, in exercising its constrained authority to enlarge or limit those statutory restrictions," it is further "constrained by the formal rulemaking process."

Lastly, in regard to appellants' third argument concerning the delegation of authority to the Council, the judge further reasoned that "[Appellants'] offer[ed] no support, nor can the [c]ourt find any, for the position that alleging a legislative act is 'arbitrary and unreasonable' present[ed] a legally recognizable cause of action at the trial court level." The judge went on to state: "To the extent that the [verified] complaint seeks to allege, by reference to rational basis review, an equal protection or due process claims related to the recommendation criteria," Humane Society resolved those claims. Therefore, applying the Rule 4:6-2(e) standard, the judge concluded appellants'

A-1687-23

"[verified] complaint fail[ed] to state a viable cause of action alleging the regulatory authority vested in the Council by the Legislature violates the New Jersey State Constitution." This appeal followed.

III.

On appeal, appellants renew the arguments previously raised in the trial court regarding the constitutional authority and composition of the Council. Appellants contend that (1) the delegation of the regulatory authority to the Council controlled by a "private non-government[] interest group" is a constitutional violation; (2) the delegation of regulatory authority to the Council violates the private non-delegation doctrine; and (3) Humane Society, the primary decision relied upon the motion judge, fails to address the constitutionality of N.J.S.A. 13:1B-24 and does not address the validity of N.J.S.A. 13:1B-27, -28, -30, -31, and -32(a) delegating regulatory authority to the Council. We address, in reorganized sequence, the arguments raised by appellants.

A.   Respondents' Motion to Dismiss Under Rule 4:6-2(e).

We review orders granting a motion to dismiss for failure to state a claim under Rule 4:6-2(e) de novo. Pace v. Hamilton Cove, 258 N.J. 82, 95-96 (2024). In doing so, we "examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable

8                                                        A-1687-23

inference of fact.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). "[W]e must search the complaint thoroughly and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Robey v. SPARC Grp. LLC, 256 N.J. 541, 554 (2024) (quoting Baskin, 246 N.J. at 171) (internal quotation marks omitted).

"Nevertheless, 'if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed.'" Pace, 258 N.J. at 96 (quoting Dimitrakopoulos, 237 N.J. at 107). Thus, a motion to dismiss is only granted in the "rarest of instances." Sickles v. Cabot Corp., 379 N.J. Super 100, 106 (App. Div. 2005) (quoting Printing-Mart Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 771-72 (1989)).

Applying these principles to this matter, we conclude that the verified complaint on its face fails to state a viable constitutional claim. We first address appellants' argument that while Humane Society determined the constitutionality of the appointment of Council members under N.J.S.A. 13:1B-24, the Supreme Court did not consider the validity of N.J.S.A. 13:1B-

27, -28, -30, -31, and -32(a) with respect to the delegation of regulatory authority to the Council.

By narrowly construing Humane Society and disregarding subsequent precedents, appellants misapprehend the controlling law. In Humane Society, the Court upheld the constitutionality of the Council's member appointment. 70 N.J. at 574. In doing so, the Court recognized the Council's regulatory power is "so confined." Id. at 575.

In a subsequent decision, the Court undertook a comprehensive review of the Council's leadership and operations in U.S. Sportsmen's Alliance. 182 N.J at 470-73. The Court recognized the Council as part of the organizational structure of the DEP, as established by the Legislature. Id. at 473; see N.J.S.A. 13:1B-23 to -41.

The Court also recognized that, by specifying the structure and duties of the Division, the Legislature granted the Council the authority to appoint the director of the Division of Fish and Wildlife, subject to the approval of the Governor. U.S. Sportsmen's All., 182 N.J at 471-73 (citing N.J.S.A. 13:1B-27, -28, and -30). The Council is also authorized to "formulate comprehensive policies for the protection and propagation of fish, birds, and game animals" and is "subject to the approval of the [DEP] commissioner." N.J.S.A. 13:1B-28. The Council's authority "to determine whether and where to allow hunting

is 'circumscribed' by the [DEP] Commissioner's statutory authority to determine whether to open State parks, forests[,] and recreation areas to hunting." Safari Club Int'l v. N.J. Dep't of Env't Prot., 373 N.J. Super. 515, 520 (App. Div. 2004) (citing Humane Soc'y, 70 N.J. at 577; Humane Soc'y of U.S. v. Guido, 173 N.J. Super. 223, 230-31 (App. Div. 1980)); see N.J.S.A. 13:1B-30. Finally, the Council's authority to enact regulations as part of the Game Code is exercised following notice to the public, public hearings, and the consideration of scientific investigation and research. N.J.S.A. 13:1B-31 to -33.

Having reviewed the motion record and applicable law, appellants' argument lacks merit. Appellants fail to cite any law in support of their contention that Humane Society and subsequent decisions failed to examine the regulatory authority of the Council. Rather, appellants merely reiterate the factual allegations set forth in the verified complaint. Thus, we conclude from our de novo review of the record that Humane Society and subsequent decisions have carefully examined both the validity of the governing law and its application to the delegation of regulatory authority to the Council.

We next consider appellants' contention that the Legislature's delegation of authority to the Council violates the separation of powers and allocation of governmental authority under Article III. We likewise consider appellants'

argument that delegation of legislative power is improperly vested in N.J. Sportsmen as a private organization in violation of Article IV.  Appellants argue the Legislature abdicated its regulatory authority to a quasi-legislative body controlled by N.J. Sportsmen with a pro hunting and trapping mission.

"The New Jersey Constitution vests lawmaking power in the Legislature." Perth Amboy Bd. of Educ. v. Christie, 413 N.J. Super. 590, 600 (App. Div. 2010) (citing N.J. Const. art. IV, § 1, ¶ 1).  We presume N.J.S.A. 13:1B-23 to -41 to be constitutional.  See In re M.U.'s Application for a Handgun Purchase Permit, 475 N.J. Super. 148, 190 (App. Div. 2023).

Appellants seeking a ruling that N.J.S.A. 13:1B-23 to -32 is unconstitutional "must hurdle '[t]he strong presumption of constitutionality that attaches' to [a statute]."  State v. Buckner, 223 N.J. 1, 14 (2015) (quoting Hamilton Amusement Ctr. v. Verniero, 156 N.J. 254, 285 (1998)).  "When a statute is challenged on constitutional grounds, it will be upheld unless its 'repugnancy to the constitution is clear beyond a reasonable doubt.'" Commc'ns Workers of Am., AFL-CIO v. N.J. Civ. Serv. Comm'n, 234 N.J. 483, 514 (2018) (quoting Buckner, 223 N.J. at 14).  Appellants have failed to carry that heavy burden.

Guided by these principles, the Legislature did not violate the separation of powers in Article III or the delegation of authority to the Council as a state

agency in Article IV. In <u>Humane Society</u>, the Court found that the governing statute "passe[d] muster," a conclusion that remains unchanged. 70 N.J. at 577. In our review of the constitutionality of N.J.S.A. 13:1B-23 to -41, we "apply 'every possible presumption' in favor of the validity of a challenged statute, recognizing that it 'represents the considered action of a body composed of popularly elected representatives.'" <u>State v. Higginbotham</u>, 257 N.J. 260, 280 (2024) (quoting <u>State v. Trump Hotels & Casino Resorts, Inc.</u>, 160 N.J. 505, 526 (1999)).

We, therefore, perceive no reason to deviate from the Court's reasoning that "[t]he consignment of the specialized powers and duties flowing from this legislative scheme to so-called special interest groups has a rational basis, because these entities are most directly affected by the Council's regulations and possess the requisite expertise for achievement of the statutory objective." <u>Humane Soc'y</u>, 70 N.J. at 577.

Appellants argue that the delegation of regulatory authority to the Council, which is subject only to limited oversight by the DEP and is effectively controlled by a private group, violates the non-delegation doctrine. Appellants contend that the non-delegation "doctrine flows from the separation of powers, rather than the other way around" and "is completely

13

distinguishable from the due process claims about the Council's composition upon which the Humane Society decision was grounded." We disagree.

"The non[-]delegation doctrine provides that the Legislature may only delegate its power to legislate under very limited circumstances." Kravitz v. Murphy, 468 N.J. Super. 592, 623 (App. Div. 2021). "To be constitutionally sustainable, a delegation must be narrowly limited, reasonable, and surrounded with stringent safeguards to protect against the possibility of arbitrary or self-serving action detrimental to third parties or the public good generally." Essex Cnty. Corr. Officers PBA Loc. No. 382 v. Cnty. of Essex, 439 N.J. Super. 107, 126 (App. Div. 2014) (quoting Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ., 78 N.J. 144, 163-64 (1978)).

Here, appellants seek to reframe their constitutional challenge in an effort to distinguish this matter from Humane Society where due process claims were raised and rejected by the Court. Contrary to appellants' assertion, their argument that the Legislature's delegation of authority to the Council violates the non-delegation doctrine is, in essence, a due process argument. See Ridgefield Park, 78 N.J. at 163 ("Both state and federal doctrines of substantive due process prohibit delegations of governmental policy-making power to private groups where a serious potential for self-serving action is created thereby.").

14

The Court in <u>Humane Society</u> rejected the due process challenges to the Council in considering N.J. Sportsmen's authority to recommend sportsmen for the Governor's nomination to the Council because the Council's operations "bear on the public interest." 70 N.J. at 579-80. Over forty years later, black bear hunting remains at the forefront of public interest. Thus, we hold that the doctrine established in <u>Humane Society</u> remains controlling, and the Council's regulatory authority continues to be circumscribed by governing law.

In sum, appellants' arguments fail to account for the standard we apply when evaluating motions to dismiss under <u>Rule</u> 4:6-2(e). Having considered the pleadings under the liberal standard of review, we conclude appellants' verified complaint asserting a constitution challenge to N.J.S.A. 13:1B-27 to -32 fails to state a claim. <u>See</u> <u>J.D. ex rel. Scipio-Derrick v. Davy</u>, 415 N.J. Super. 375, 397 (App. Div. 2010). Accordingly, we reject appellants' argument that the motion judge improperly granted dismissal under <u>Rule</u> 4:6-2(e).

B.    Appellants' Cross-Motion for Summary Judgment.

In regard to the denial of appellants' cross-motion for summary judgment, they argue the matter was "ripe" for granting summary judgment because the questions of law presented rested upon undisputed material facts. We review the denial of summary judgment de novo, "applying the same

15                                                                      A-1687-23

standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).

We view those facts in the light most favorable to respondents, the non-moving parties. Crisitello v. St. Theresa Sch., 255 N.J. 200, 218 (2023). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Applying the summary judgment standard, appellants' sole reliance on the alleged unconstitutionality of the governing law establishing the Council is simply not supported by the statute or case law. Giving all reasonable

A-1687-23

inferences to respondents as the non-moving party, appellants have not proffered any evidence to rebut the constitutional and regulatory authority of the Council as recognized in Humane Society and U.S. Sportsmen's Alliance. We, therefore, conclude appellants have not established a genuine issue of material fact to support their burden, as a matter of law, for summary judgment. Accordingly, we affirm the orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

17